UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICKA MILLER,

    Plaintiff,

v.                            Case No. 8:16-cv-2575-T-33AAS

FCA US LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of the parties' Joint Motion to Arbitrate (Doc. # 11), filed on October 14, 2016. For the reasons that follow, the Court grants the Motion.

**DISCUSSION**

Plaintiff Ericka Miller instituted this action on September 6, 2016, against FCA US LLC, alleging FCA violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (Doc. # 1). Thereafter, the Court entered its Scheduling Order, which, among other things, referred the action to mediation and set the deadline therefor as January 30, 2017. (Doc. # 8). Both parties now move the Court to refer the case to arbitration. (Doc. # 11).

Attached to the Motion is a document entitled, Retail Buyer's Order. (Id. at 13-14). That document includes the following arbitration clause:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute) between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral binding arbitration and not by a court action.

(Id. at 14).

The Federal Arbitration Act provides that arbitration provisions "evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." 9 U.S.C. § 2. The purpose of the FAA is to "place Arbitration Clauses on the same footing as other contracts . . . ." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 89 (2000) (citation omitted). Furthermore, the FAA "mandates that courts shall direct the parties to proceed to arbitration on issues as to which an Arbitration Clause has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (citation omitted).

Here, both parties agree the FAA controls and also jointly request the Court refer the action to arbitration. Upon review of the Motion, the Court agrees. Accordingly, this matter is referred to arbitration in accordance with the parties' arbitration provision contained in the Retail Buyer's Order. Moreover, this matter is stayed and administratively closed pending the arbitration. The parties are also relieved of their obligation to mediate under the Court's Scheduling Order in light of the fact that the parties are conducting arbitration.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion to Arbitrate (Doc. # 11) is **GRANTED.**

(2) This action is referred to arbitration in accordance with the Retail Buyer's Order's arbitration provision.

(3) This action is stayed and administratively closed pending the outcome of arbitration.

(4) The parties are directed to file a status with the Court on January 12, 2017, and every 90 days thereafter, or as soon as arbitration is concluded.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE